JOHN CARPENTER *et al.*

*v.*

THE SANGAMON LOAN AND TRUST COMPANY.

*Opinion filed October 23, 1907.*

1. WILLS—*rule where property is devised to one and "in case of his death" to another.* Where property is devised to one person and "in case of his death" to another, there being no circumstances of an uncertain nature specified with respect to such death, the death contemplated by the testator will be regarded as one occurring before his own death and the devisee takes a fee; but if the death is to be attended by uncertain circumstances, such as without leaving children, etc., the death mentioned will be held to be one occurring at any time, before or after the testator's death, and the devisee will take a base or determinable fee unless other provisions of the will show a different intent.

2. SAME—*when devisee takes a base fee.* A devise to certain of the testator's children of the residue of the estate in equal parts, "and if one or more of said devisees should die without leaving a wife or husband or child or children, then to the survivor or survivors of them, and to their heirs and assigns, and to their sole use and behoof forever," passes a base fee, only, and if one of such devisees dies at any time without leaving a husband, wife, child or children his share vests in the survivors. (*Kohtz* v. *Eldred,* 208 Ill. 60, explained.)

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

E. L. CHAPIN, and HAMILTON & CATRON, for appellants:

Where there is a devise or bequest *simpliciter* to one person and in case of his death to another or others, the words

refer to a death in the lifetime of the testator. But when the death of the first taker is coupled with other circumstances or conditions which may or may not ever take place, as, for instance, death under age, unmarried or without children, the devise over takes effect, unless controlled by other provisions of the will, upon death at any time, under the circumstances or conditions indicated, whether before or after the death of the testator. 3 Jarman on Wills, 590, 592, 642; *Britton* v. *Thornton,* 112 U. S. 526; *Summers* v. *Smith,* 127 Ill. 645; *Smith* v. *Kimbell,* 153 id. 368; *Thomas* v. *Miller,* 161 id. 60; *Bradsby* v. *Wallace,* 202 id. 239; *Lombard* v. *Witbeck,* 173 id. 396; *Gannon* v. *Peterson,* 193 id. 372; *Thompson* v. *Becker,* 194 id. 119; *King* v. *King,* 215 id. 100; 30 Am. & Eng. Ency. of Law, (2d ed.) 709, notes 2, 3, 4.

The paramount rule is to ascertain the intention of the testator, and to give it effect if not prohibited by the law. The purpose of construction is to give to a will the interpretation and meaning which the testator intended it should have, and whenever his intention can be ascertained it should be carried out. *Bradsby* v. *Wallace,* 202 Ill. 239; *Perry* v. *Bowman,* 151 id. 25; *Howe* v. *Hodge,* 152 id. 252; *Allen* v. *McFarland,* 150 id. 455; *Hayward* v. *Loper,* 147 id. 41; *Cassem* v. *Kennedy,* 147 id. 660; *Dickson* v. *Dickson,* 138 id. 541.

Words or phrases cannot be added to a will to arrive at the intention of the testator,—that is to say, courts are not authorized to add words limiting a death within the testator's lifetime, where the will does not show that such was the intention of the testator. *Thomas* v. *Miller,* 161 Ill. 60; *Whitcomb* v. *Rodman,* 156 id. 116; *Young* v. *Harkleroad,* 166 id. 318.

The presumption of law is, that in providing for the distribution of his estate by will the testator contemplates that the beneficiaries named will survive him, and intends, in case of the death of a devisee, to provide for the new state

of affairs by a new will or codicil. *Bradsby* v. *Wallace,* 202 Ill. 239; *Ridgeway* v. *Underwood,* 67 id. 419; 2 Jarman on Wills, (3d Am. ed.) 462.

The appointment, by a testator, of one of the devisees as executor of his will shows that the testator contemplates that such devisee will outlive him, and thus expresses his intention that a devise over is not by way of substitution. *Summers* v. *Smith,* 127 Ill. 645; *Smith* v. *Kimbell,* 153 id. 368.

The court will adopt that construction of the will which will give effect to the words "wife or husband," used in the third clause, rather than a construction which will render such words meaningless. *Lomax* v. *Shinn,* 162 Ill. 124.

BROWN, WHEELER, BROWN & HAY, for appellee:

Where there is a devise or bequest *simpliciter* to one person and in case of his death to another, the words refer to a death in the lifetime of the testator. *Kohtz* v. *Eldred,* 208 Ill. 60; *King* v. *King,* 215 id. 100; *Vanderzer* v. *Singerland,* 103 N. Y. 47; 2 Jarman on Wills, 752; *Moore* v. *Lyons,* 25 Wend. 119; *Kelly* v. *Kelly,* 61 N. Y. 47; *Briggs* v. *Shaw,* 9 Allen, 516; *Whitney* v. *Whitney,* 45 N. H. 31; *Willis* v. *Willis,* 3 S. W. Rep. 900; *Harris* v. *Carpenter,* 109 Ind. 540.

Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute estate in fee simple. *Kohtz* v. *Eldred,* 208 Ill. 60; *King* v. *King,* 215 id. 100; *Arnold* v. *Alden,* 173 id. 229; *Estate of Briddle,* 28 Pa. St. 59; *Austen* v. *Bristol,* 40 Conn. 120; *Fishback* v. *Joesting,* 183 Ill. 463.

The spirit of the statute laws of Illinois, the disposition of the courts generally, and the tendency of the times, re-

quire, as a matter of public policy, the adoption of a rule of construction that will give an estate of inheritance to the first donee. *Strawbridge* v. *Strawbridge*, 220 Ill. 64; *Leiter* v. *Sheppard*, 85 id. 242; *Giles* v. *Anslow*, 128 id. 187; *Scofield* v. *Olcott*, 120 id. 374; *McArthur case*, 113 U. S. 375.

Devises by implication will be sustained for the purpose of carrying into effect the intention of a testator. Jarman on Wills, (6th ed.) 532; 1 Underhill on Wills, 616; *King* v. *Frick*, 135 Pa. St. 575; *King* v. *King*, 168 Ill. 273.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Margaret Carpenter died testate on April 12, 1883, a resident of Sangamon county, Illinois, and possessed of lands located in that county. At the time of her death she was a widow, and left surviving as her only heirs her children, Samuel Carpenter, Catherine Wood, Elizabeth Cobbs, Margaret Browning, George Carpenter, John Carpenter, Sarah Jane Carpenter and Mary Ellen Carpenter. Her will contains but four clauses. The first directs the payment of her debts and funeral expenses. The second gives to her daughter Elizabeth a legacy of $1000. The fourth nominates executors, and the third, the construction of which is involved in this litigation, reads as follows:

"I will and bequeath to my beloved sons John Carpenter and George Carpenter, and my beloved daughters Sarah Jane Carpenter and Mary Ellen Carpenter, all the remainder of my estate, both personal and real, of whatever kind and wherever situated, of which I may die seized or possessed, to be equally divided between them, share and share alike, each one taking one-fourth; and if one or more of said devisees should die without leaving a wife or husband or child or children, then to the survivor or survivors of them, and to their heirs and assigns, and to their sole use and behoof forever."

All the devisees named in the third clause were children of and survived the testatrix. George Carpenter died intes-

tate on December 10, 1904, and did not leave wife or child, but left certain brothers and sisters and certain nephews and nieces, children of deceased brothers and sisters, as his only heirs-at-law. On March 27, 1906, his sister Margaret Browning died testate and devised the legal title of her real estate to the Sangamon Loan and Trust Company, and that company, on December 5, 1906, filed its bill for partition in the circuit court of Sangamon, seeking partition of certain real estate which passed under clause 3 of the will of Margaret Carpenter, on the theory that George Carpenter by that clause became seized in fee simple absolute of the undivided one-fourth thereof, and that upon his death, intestate, Margaret Browning inherited a portion of that undivided one-fourth. All the heirs-at-law of George Carpenter, deceased, and all others having or claiming to have any interest in the lands, were made defendants. John Carpenter and Sarah Jane Carpenter, two of the devisees named in clause 3, demurred to the bill, on the theory that the interest taken by George Carpenter under that clause was a base or qualified fee, and that upon his death, leaving no wife or child surviving, the one-fourth interest devised to him by that clause passed to the other three devisees named therein. The demurrer was overruled and the defendants were ruled to answer. John Carpenter and Sarah Jane Carpenter were thereafter defaulted for want of answer. Certain of the other defendants answered, and the cause proceeded in the ordinary manner, and resulted in a decree for partition in accordance with the prayer of the bill. From that decree John Carpenter and Sarah Jane Carpenter have appealed to this court, and assign for error the action of the court in overruling their demurrer.

Is the death contemplated by the third clause a death occurring in the lifetime of the testatrix, or is it a death taking place at any time? If the death contemplated is one occurring only before the death of the testatrix, then George Carpenter took an absolute fee simple title to the undivided

one-fourth of the real estate devised by that clause, and the demurrer was properly overruled. If, on the other hand, the death contemplated is one occurring at any time, either before or after the death of the testatrix, then George Carpenter took only a base or qualified fee, determinable by his death without leaving wife or child, in which event the demurrer should have been sustained and the decree of the circuit court should be reversed.

The rule which we think controls is clearly stated in that portion of the opinion in the case of *Britton* v. *Thornton,* 112 U. S. 526, which reads as follows: "When, indeed, a devise is made to one person in fee and 'in case of his death' to another in fee, the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent has led the courts to interpret the devise over as referring only to death in the testator's lifetime. (2 Jarman on Wills, chap. 48; *Briggs* v. *Shaw,* 9 Allen, 516; Lord Cairns in *O'Mahoney* v. *Burdett,* L. R. 7 H. L. 388, 395.) But when the death of the first taker is coupled with other circumstances which may or may not ever take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testor.—*O'Mahoney* v. *Burdett,* above cited; 2 Jarman on Wills, chap. 49."

In *Summers* v. *Smith,* 127 Ill. 645, the court considered this question, which there arose upon the following language quoted from the will of Smith, to-wit: "It is further my will, in case any of my sons to whom I have bequeathed property in this my last will and testament should die without heirs of his body, the real estate I have bequeathed to him shall go to his surviving brothers or brother." This court stated that the question was whether the words "should die without heirs of his body," etc., should be con-

sidered as meaning "should die within the lifetime of the testator, or simply should die at any time, without heirs of body." The court then made use of the following language: "There may be found cases seeming to sanction the construction of the first alternative, but the English rule now accepted is, when the death of the first taker is coupled with circumstances which may or may not take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator.—*O'Mahoney* v. *Burdett*, L. R. 7 H. L. Cases, 408, (12 Eng. R. Moake's notes, 22); *Ingram* v. *Soutten*, L. R. 7 H. L. 408, (12 Eng. R. Moake's notes, 40); *Olivant* v. *Wright*, 24 W. R. 84; *Britton* v. *Thornton*, 112 U. S. 526; 3 Jarman on Wills, (Randolph & Talcott's ed.) 640; see, also, note *o*, on same page; *Crane* v. *Cowell*, 2 Curtis, 178,"—and held that the devise to each son, respectively, was a fee determinable upon the son dying without heirs of his body. To the same effect are the following cases: *Smith* v. *Kimbell*, 153 Ill. 368, *Lombard* v. *Witbeck*, 173 id. 396, and *Bradsby* v. *Wallace*, 202 id. 239.

Appellee seeks to sustain the action of the circuit court by the cases of *Arnold* v. *Alden*, 173 Ill. 229, *Fishback* v. *Joesting*, 183 id. 463, and *Kohtz* v. *Eldred*, 208 id. 60. The first two of these cases were discussed in *Bradsby* v. *Wallace, supra,* and they were there clearly distinguished from *Summers* v. *Smith, supra,* and the cases which follow that case. It is not necessary to repeat that discussion here. In *Kohtz* v. *Eldred, supra,* the court, in stating its conclusion, used this language: "From an examination of the entire will we are of the opinion that the language 'die leaving no issue surviving them,' used in the sixth paragraph of the will, refers to the death of said children, or either of them, during the lifetime of the testator." We think it ap-

pears therefrom that this last cited case is not in the same class as *Summers* v. *Smith, supra,* and other similar cases, for the reason that the court evidently found in the will in the *Kohtz case* language, other than the words of devise, from which it appeared that the death contemplated by the testator was one occurring during his lifetime.

Each party to the controversy relies upon the case of *King* v. *King,* 215 Ill. 100. We do not think that case aids either contention. The estate of the first taker there was determined to be a life estate, and not a fee, absolute or base, and the court found in the will aside from the words of devise, and in facts *dehors* the will, aid in determining the time at which the death contemplated by the testator was to occur.

This devise is not to one and upon his death to another in fee, but the death, to make effective the devise over, must be the death of the first taker leaving no wife or child surviving, and the death of George Carpenter was one which might or might not be accompanied by these circumstances when viewed from the standpoint of the testatrix at the time she made the will. For this reason, in the absence of words in any other provision of the will showing a different intent on the part of the testatrix, we are of the opinion that George Carpenter took only a base fee, which, upon his death without leaving wife or child, was determined by the executory devise over to the survivors of the devisees named in the third clause of the will, and to their heirs and assigns.

Accordingly, the decree of the circuit court will be reversed and the cause will be remanded, with directions to sustain the demurrer to the bill.

*Reversed and remanded, with directions.*