MARGARET BRENOCK *et al.*

*v.*

JOHN BRENOCK.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

WILLS—*when a devise creates a determinable fee.* A devise to the testator's son, but in case of his death without issue then to others, creates a base or determinable fee, and the devise over will take effect if the son dies at any time without issue, whether such death precedes or follows that of the testator, there being nothing in the will indicating a contrary intention. (*Fifer* v. *Allen,* 228 Ill. 507, followed.)

APPEAL from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

BOWERSOCK & STILWELL, for appellants.

DARROW, MASTERS & WILSON, for appellee.

Per CURIAM: Patrick Brenock died in March, 1897, leaving a will, which was admitted to probate, the second paragraph of which is as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved sons, Martin Brenock and John Brenock, all of the property, real and personal, and effects of every name, kind and nature which I now have, may die possessed of or may be entitled to, to be equally divided between them, share and share alike; but in case of the death of the said John Brenock, my beloved son, without issue, then it is my will that his share of the estate left by me shall revert to the said Martin Brenock, my beloved son, and his heirs and assigns forever, subject to the dower interest of his, the said John Brenock's, wife, should she survive."

Martin Brenock afterward conveyed his undivided interest to a third person, who conveyed it to Margaret Brenock, Martin's wife. Subsequently John Brenock, who has never had any issue, filed a bill for the partition of the real estate devised by the second clause of the will, claiming to be a tenant in common with Margaret Brenock thereof in fee simple. Margaret Brenock and her husband insist that the estate devised to John is a qualified fee, terminable upon his death without issue. From a decree finding that the complainant was the owner of one-half the premises in fee simple, Margaret Brenock and Martin Brenock have appealed to this court.

The only question presented is whether the words of the will in regard to the death of John Brenock without issue refer to his death in the lifetime of the testator or at any time. The same question arose in the cases of *Fifer* v. *Allen*, 228 Ill. 507, *Crocker* v. *VanVlissingen*, (*ante*, p. 225,) and *Carpenter* v. *Sangamon Loan and Trust Co.* 229 Ill. 486. The language of the wills in controversy in all those cases was substantially identical, in the particular mentioned, with that of this will, and it was held that the devise over took

effect upon the death, under the circumstances mentioned, of the first taker at any time, whether before or after the death of the testator. That conclusion is decisive of this case, and the decree of the superior court of Cook county will therefore be reversed and the cause remanded to that court.

*Reversed and remanded.*