Elizabeth Summers *et al.*

*v.*

William Smith *et al.*

*Filed at Springfield April 5, 1889.*

| 127 | 645 |
|---|---|
| 153 | 374 |
| 127 | 645 |
| 163 | 592 |
| 163 | 606 |
| 127 | 645 |
| 173 | 406 |
| 127 | 645 |
| 183 | 466 |
| 127 | 645 |
| 185 | 268 |
| 127 | 645 |
| 190 | 1241 |
| 127 | 645 |
| 193 | 1380 |
| 127 | 645 |
| 196 | 2 44 |
| 127 | 645 |
| 202 | 4247 |
| 127 | 645 |
| 215 | 4113 |

1. WILLS—*devise with limitation over—who will take in remainder—and as to what estate will pass.* When a devise is to one and his heirs, or to the heirs of his body, it is competent to show that the word "heirs," or "heirs of the body," are used as synonymous with the word "children" or "descendants," and for this purpose every part of the will is to be taken into consideration.

2. In case of a devise of the homestead of the testator and a bequest of all his personal estate to his wife for life, and directing that on the death of the wife the homestead shall go to A, his youngest son, to have and to hold the same to himself and his heirs forever, in the absence of any other provision in the will showing a different intent, A, the son, will take the fee in remainder, which, upon his death before the termination of the life estate, will pass to his heirs.

3. But when the will further provides that on the wife's death the personal property shall be equally divided between the testator's three sons, A, B and C, except the household furniture, which the wife may divide among his daughters, and the testator devises another farm to his son A, and gives a sum of money with which to buy a farm for his son B, and the will then provides that in case any of his sons shall die without heirs of his body, the real estate given to him shall go to his surviving brothers or brother, and his personal property to all the other heirs, equally, and the youngest son, C, dies before the termination of the life estate, the land devised to him will vest in fee in his surviving brothers, and will not go to his heirs generally.

4. Where the death of the first taker is coupled with circumstances which may or may not take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect according to the ordinary and literal meaning of the words, upon death under the circumstances indicated, at any time, whether before or after the death of the testator.

5. Where lands are devised to the sons of the testator in severalty, and the will provides that on the death of any of the sons without heirs of his body the real estate given to him shall go to his surviving brothers or brother, and on the death of the testator's wife the personal property given to her for life is to be equally divided between his three sons, this will indicate that the three sons will be alive at the death of

the wife, and the death of a son, in the event of which without heirs of his body the real estate is devised over to the surviving brothers or brother, and the personalty to all the other heirs equally, must have been subsequent to that distribution.

6.   In case of a devise for life to the testator's widow, with remainder to a son and his heirs, with a provision that in case of the death of the son without heirs of his body, the estate given to him shall go to his brothers surviving him, the devise to the son will be of a fee, determinable upon his dying without heirs of his body, and the devise over to his brothers surviving can be sustained only as an executory devise, for the reason that a fee can not be limited upon a fee.

7.   Where the devise over is to the survivor or survivors of a class to which the first devisee belonged, as, to surviving brothers, it necessarily means a devise to a person in being at the death of the first devisee, and so must relieve the devise over of the objection of indefinite remoteness.

8.   SAME—*estate tail, at common law, only an estate for life under the statute.* There are no estates tail in this State, but, on the contrary, when an instrument is executed which would at common law be held as creating an estate tail, our statute declares it shall vest only a life estate in the grantee or donee in tail, and the remainder in fee in the designated heir or heirs.

9.   SAME—*construction.* In the absence of anything appearing to the contrary, language used in a will must be presumed to have been intended to have the legal effect which the law assigns to it. So, language used, which, at common law, would create an estate tail, must be held to give a life estate in the first taker and a fee in the heirs.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. OSCAR A. DELEUW, and Mr. JAMES CALLANS, for the plaintiffs in error:

The words of the will as to Westley Clark Smith dying without heirs, has reference to his death before that of the testator. The rule we invoke and the principles of construction we contend for are laid down in *Martin* v. *Kirby,* 11 Gratt. 67; *Passmon's Appeal,* 23 Pa. St. 381; *Buckley* v. *Read,* 15 id. 83; *Drayton* v. *Drayton,* 1 Desaus. 324; *Lawrence* v. *McArthur,* 10 Ohio, 37; *Moore* v. *Lyons,* 25 Wend. 119; *Childs* v. *Gillette,* 2 M. & K. Ch. 281.

When the devisee is not in immediate possession, there being a prior life estate, survivorship is held to refer to the period of the testator's decease.  3 Jarman on Wills, 573; *Vere* v. *Hill*, 3 Burr. 1881; *Roebuck* v. *Dean*, 2 Ves. Jr. 265.

The Illinois cases bearing on this question are *Hempstead* v. *Dickson*, 20 Ill. 193, and *Duryea* v. *Duryea*, 85 id. 41.

Mr. JAMES M. RIGGS, and Mr. JAMES A. WARREN, for the defendants in error:

Westley Clark Smith, at the common law, would have taken an estate general.  1 Coke's Litt. 21 a; 3 id. note 125 to lib. 1; *Brice* v. *Smith*, Willis, 1; 1 Kent's Com. sec. 488.

If he would have taken an estate tail by the common law, then, under the sixth section of our Conveyance act, he took a life estate upon the death of the testator, with the remainder in fee to the heirs of his body, if any should be living at the time of his decease.  *Blair* v. *Vanblarcum*, 71 Ill. 290.

The words "heir of his body," are used in the sense of a "child" or "descendants."  *Jones* v. *Miller*, 13 Ind. 337.

That an estate may be given to any number of persons in being, to take in succession for their respective lives, and that a remainder may be limited thereon, see *Waldo* v. *Cummings*, 45 Ill. 427.

The remainder was a contingent one, as Westley C. Smith had no heirs of his body when the will was made.  *Lehndorf* v. *Cope*, 122 Ill. 330.

That the death spoken of did not refer to the testator's lifetime, see *Olney* v. *Hull*, 21 Pick. 311; *Blatchford* v. *Newberry*, 99 Ill. 42; *Williamson* v. *Chamberlain*, 2 Stock. 373.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question here is, what is the proper construction of certain clauses of the last will and testament of William Smith, the elder, late of Scott county, deceased.  One of the clauses is as follows: "I give and bequeath to my dear wife, Martha

Ann Smith, my homestead, comprising all that tract or parcel of land on which I now live, and described as follows:   * ' *   * It is my will that my said wife shall have and hold the above described lands   *   *   *   during her natural life,. to her use and benefit." Then follows a gift of personalty, including stock on the farm, household goods, etc., to his wife, for her life, after which is the following clause: "It is further my request, that after the natural death of my said wife, Martha Ann Smith, that the homestead, comprising the above described lands bequeathed to her, my said wife, during her natural life, shall go to my youngest son, Westley Clark Smith, to have and to hold to my said son and his heirs forever. The above described personal property, at the decease of my wife, is to be equally divided among my three sons, except the household furniture, which she may divide among my daughters." This is followed by a devise of a farm to his son William, the younger, a bequest of money to buy a farm for his son James M., and bequests to his four daughters, respectively, and then occurs the following clause: "It is further my will, in case any of my sons to whom I have bequeathed property in this my last will and testament, should die without heirs of his body, the real estate I have bequeathed to him shall go to his surviving brothers or brother, and the personalty to all the other heirs, equally."

The testator died in February, 1850. Westley Clark Smith died in 1868, without heirs of his body. The court below decreed that the lands given to Westley Clark Smith vested in fee, upon his death, in his surviving brothers. Plaintiffs in error contend the decree should have been that they vested in fee in his heirs-at-law.

If the clause giving the homestead, after the death of the wife, to Westley Clark Smith and his heirs forever, were alone to be considered, it is clear that he would take a fee. But that clause can not be considered alone. The intention of the testator is to be ascertained from the whole will and all its parts

taken together. (*Hamlin* v. *United States Express Co.* 107 Ill. 443.) We must therefore read the clause last quoted as if it were immediately subjoined to this clause, and so reading it, the first question is, whether the words, "in case any of my sons to whom I have bequeathed property in this my last will and testament, should die without heirs of his body," etc., must be construed as meaning, should die within the lifetime of the testator, or simply, should die at any time, without heirs of body.

There may be found cases seeming to sanction the construction of the first alternative, but the English rule now accepted is, when the death of the first taker is coupled with circumstances which may or may not take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator. *O'Maloney* v. *Burdett*, L. R. 7 H. L. Cases, 408, (12 Eng. R. Moake's notes, 22); *Ingram* v. *Soutten*, L. R. 7 H. L. 408, (12 Eng. R. Moake's notes, 40); *Olivant* v. *Wright*, 24 W. R. 84; *Britton* v. *Thornton*, 112 U. S. 526; 3 Jarman on Wills, (Randolph & Talcott's ed.) 640. See, also, note o, on same page; *Crane* v. *Cowell et al.* 2 Curtis, 178.

The other provisions of the will, instead of controlling this view, corroborate and sustain it, and tend rather to show that death in the lifetime of the testator was not within contemplation at all, for otherwise some different provision would have been made for the division of the personal property when distributed at the death of the wife. The clause of the will providing for distribution upon the death of the wife, clearly contemplates that the three sons will be alive at that time, for it says, "the personal property is to be equally divided among my three sons," and so, necessarily, the death contemplated, in the event of which, without heirs of his body, the real estate is devised over to the surviving brothers or brother, and "the

personalty to all the other heirs, equally," must have been subsequent to that distribution.

The devise to Westley Clark is plainly of a fee, determinable upon his dying without heirs of his body. (4 Kent's Com. 8th ed. p. 8, *9; *Friedman* v. *Steiner et al.* 107 Ill. 125; *Hawley* v. *Northampton,* 8 Mass. 3.) And since, at common law, a fee could not be limited upon a fee, the devise, in the event of the death of Westley Clark without heirs of his body, "to his surviving brothers or brother," if it can be sustained, must be as an executory devise, and the only question in that respect which occurs to us as feasible, is, whether the limitation is void because the contingency upon which it is to take effect is too remote. Many cases may be found in which it has been held that a devise in fee, with a remainder over if the devisee dies without issue or heirs of the body, is a fee cut down to an estate tail, and that the limitation over is void by way of executory devise, as being too remote and founded on an indefinite failure of issue. But it has been held by some courts, and, as we think, with sufficient reason, that where the devise over is to the survivor or survivors of a class to which the first devisee belonged, as, for instance, as here, to surviving brothers, it necessarily must mean a devise to a person in being at the death of the first devisee, and so relieve the devise over of the objection of indefinite remoteness. *Fosdick* v. *Cornell,* 3 Johns. 440; *Executors of Moffat* v. *Strong,* 10 id. 11, *12; *Anderson* v. *Jackson,* 16 id. 382; *Christie* v. *Phyfe,* 19 N. Y. 345; *Jackson* v. *Chew,* 12 Wheat. 163; *Lewis* v. *Claiborne,* 5 Yerg. 369; *Turner* v. *Ivie,* 5 Heisk. 232; *Lippett* v. *Hopkins,* 1 Gall. 460. There is, moreover, in our opinion, a reason sustaining this view, in this State, which does not exist where, as at common law, estates tail are recognized. We have no estates tail, but, on the contrary, where an instrument is executed which would, at common law, be held as vesting an estate tail, our statute declares it shall only vest a life estate in the grantee or donee

in tail, and the remainder in fee in the designated heir or heirs. Rev. Stat. 1874, chap. 30, sec. 6.

It would, then, seem that it violates the plainest principles of construction, to hold that language in a will which can only vest a life estate in the first taker, and a remainder in fee in the next, was intended to vest an estate tail, merely because if that language had been employed where estates tail are recognized it would have vested such an estate. It does not have that effect here, and in the absence of anything appearing to the contrary, language must be presumed to have been intended to have the legal effect which the law assigns to it. So, therefore, here, "dying without heirs of body" could only mean dying without leaving such heirs of body as the estate would have vested in, in fee, instantly, upon the death of the first devisee,—as children, etc. (*Lewis* v. *Claiborne,* and *Turner* v. *Ivie, supra.*) If it was intended that a person in being was to take immediately upon the death of the first devisee, as the use of the words "surviving brothers or brother" indicates, or if it was intended that the words "heirs of body" meant such heirs of body as would have taken the estate in fee immediately upon the death of the first devisee, the ruling below is right. In either view, it is practically the same as if the will had said, without leaving children or descendants of children surviving him. It is always competent to show that the words "heirs" or "heirs of body" are used in a will as synonymous with "children," and for this purpose every part of the will is to be taken into consideration. (*Jones* v. *Miller,* 13 Ind. 337; *Hileman* v. *Bonslaugh,* 13 Pa. St. 344; *Hill* v. *Hill,* 74 id. 173.) And even at common law a devise over to survivors, in the event of the devisee dying without children, is not void. *Hughes* v. *Sayer,* 1 P. Wms. 533; *Morgan* v. *Morgan,* 5 Day, 517; *Den* v. *Schenk,* 3 Halst. 29.

The decree is affirmed.

*Decree affirmed.*