CHARLES E. SHELEY, Defendant in Error, vs. WILLARD SHELEY, Admr., Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. WILLS—*general rule where there is a devise simpliciter to one person and in case of his death to another.* Where there is a devise *simpliciter* to one person and in case of his death to another, there being no contingent or doubtful circumstances connected with such death, the testator will be presumed to intend a death preceding his own; but if the devise over is to take effect upon the death of the first taker under circumstances which may or may not take place, the devise over, unless controlled by other provisions of the will, will take effect upon the death of the first taker, under the circumstances specified, either before or after the death of the first taker.

2. SAME—*will construed as vesting fee in children at death of life tenant.* A provision in a will that after the death of the testator's wife, who was given a life estate in all of the testator's property, all of the property shall be divided among all of the testator's children, share and share alike, and if any one or more of them "die without an issue" then their share shall revert back to the estate and be divided equally among all the surviving heirs, will be regarded as referring to the death of any child before the death of the life tenant, there being nothing in the will to indicate a later date, and on the death of the life tenant the fee will vest in the surviving children, regardless of whether they have issue.

3. SAME—*when trust provision is not void for uncertainty.* A provision in a will that the share of one named child shall be kept by a certain person, as custodian of his share, until he is sixty-five years old, such person to give bond that he will pay to such child "legal interest semi-annually for his support," is not void for uncertainty when considered in connection with the fact that the testator's estate consisted largely of real estate, and the words "legal interest semi-annually" will be regarded as meaning semi-annual net income from the child's share of the estate.

Writ of Error to the Circuit Court of McDonough county; the Hon. Harry M. Waggoner, Judge, presiding.

Lybarger & Hillyer, for plaintiff in error.

Mr. Justice Cooke delivered the opinion of the court:

John W. Sheley died testate February 15, 1912, seized of real estate situated in the cities of Bushnell and Macomb, McDonough county, and also of a quarter section of farm land in that county, and personal property. He left surviving him his widow, Louisa Sheley, and his children, Charles E., Willard, Walter, Sherman, Estella, Alta and Edna. By the first clause of his will he provided for the payment of his debts. The second clause is as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath all my lands, tenements and hereditaments, and all my household furniture, ready money, securities for money, goods and chattels, and all other parts of my real and personal estate and effects whatsoever, unto my wife, Louisa Sheley, so long as she doth live; and further, after my wife's demise my desire and will is that all of my estate, both real and personal, shall be divided between all of my children, share and share alike, and if any one or more of them die without an issue, then their share shall revert back to my etsate and be divided equally between all the surviving heirs; and further, it is my desire and will is that Charles Emery Sheley's share shall be kept by Walter Sheley as custodian of his share until he is sixty-five years old, the said Walter Sheley giving bond that he will pay to said Charles Emery Sheley legal interest semi-ally for his support."

By the remaining clauses he appointed his wife executrix and revoked all former wills.

Louisa Sheley died May 2, 1913, and the son Willard was appointed administrator with the will annexed. Charles E. Sheley filed this bill in the circuit court of McDonough

county to construe the last will and testament of his father and made his brothers and sisters parties defendant.

In addition to the facts above detailed it was further shown upon the hearing that each of the children of John W. Sheley had issue except Charles E. and Willard. The court by its decree so construed the will as to hold that by reason of the fact that they had issue, Walter, Sherman, Estella, Alta and Edna each took the fee simple title to the undivided one-seventh interest in all the real estate, subject to the life estate of their mother, which was then extinct, and that Charles E. and Willard, by reason of the fact that they had no issue, took a base or determinable fee in the undivided one-seventh, subject to ripen into a fee simple estate upon the birth of a child or children to them, respectively, and that if Charles E. or Willard should either of them die without issue, then his interest in the real estate would revert to and be vested in his surviving brothers and sisters. The decree further found that the provision of the will that the share of Charles E. Sheley should be kept by Walter, as custodian, until Charles had attained the age of sixty-five years, Walter to give bond that he would pay Charles legal interest semi-annually for his support, was vague, uncertain, meaningless, null and void. Willard Sheley, as administrator with the will annexed and in his own right, has sued out this writ of error to have the decree of the circuit court reviewed.

The devise to the children by the second clause of the will is in almost the identical language of the devise we were called upon to construe in *Lachenmyer* v. *Gehlbach,* 266 Ill. 11. We there held that the rule applicable is, that where there is a devise *simpliciter* to one person and in case of his death to another, there being no contingent or doubtful circumstances connected with such death, the testator will be presumed to intend a death preceding his own, but if the devise over is to take effect in case of the death of the first taker under circumstances which may or may not

272 — 7

take place, the devise over, unless controlled by other provisions of the will, will take effect upon the death of the first taker, under the circumstances specified, either before or after the death of the testator,—citing *Fifer* v. *Allen*, 228 Ill. 507, and *Ahlfield* v. *Curtis*, 229 id. 139. Under the holding in that case the testator here referred to the death of any of his children before the death of the life tenant, inasmuch as there are no words contained in the will referring to a later date. The death of any of the children, here, therefore means before the death of the mother. As all the children of John W. Sheley survived their mother, each of them at her death became seized of the fee simple title to the undivided one-seventh of all the real estate of which John W. Sheley died seized.

The court also erred in construing the provision of the will relating to the devise to Charles E. Sheley. While the purpose of the testator is not expressed in precise and technical language his intent is apparent. It was undoubtedly his desire and intent to devise the undivided one-seventh of all his estate to Walter Sheley as trustee, in trust for his son Charles E. Sheley until Charles should attain the age of sixty-five years, when the same should be conveyed to him. The further provision that Walter should give bond conditioned that he would pay Charles legal interest semi-annually for his support is clear and intelligible when construed in connection with the fact that the estate consisted largely of real estate. It would be impossible for anyone to pay the legal rate per cent semi-annually on real estate entrusted to him. It was clearly the intent of the testator to place Walter in possession of this property as trustee, with the usual bond to conserve the property and to pay to Charles semi-annually the net income from the same, which the testator referred to as legal interest.

It is also complained that the decree found that John W. Sheley died February 15, 1902, and Louisa Sheley died May 2, 1903, whereas the uncontradicted proof is that

John W. Sheley died February 15, 1912, and his wife died May 2, 1913. These dates were no doubt inadvertently inserted in the decree.

For the errors indicated, the decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*