(No. 12194.—Reversed and remanded.)

ALICE M. MARTIN FULWILER, Appellant, *vs.* EDWARD McCLUN *et al.* Appellees.

*Opinion filed October 21, 1918.*

1. WILLS—*what is not a bill merely to determine and declare a legal title.* A bill by a remainder-man in possession asking for a construction of the will and alleging that by reason of its terms her title is so uncertain that she cannot borrow the money necessary to repair the property, which has become untenantable and nonproductive, is not a bill merely to determine and declare the complainant's title but is to enable complainant to have the beneficial use of the property devised to her, and a court of equity has jurisdiction to entertain it.

2. SAME—*executory limitation may be made to depend upon any event.* An executory limitation over after a fee may be made to depend upon any specified event or contingency not obnoxious to any rule of law, but the question whether such limitation takes effect and destroys the fee in the first taker depends upon the intention of the testator as to when and under what circumstances the devise over is to become effective.

3. SAME—*when death of remainder-man without issue means during the lifetime of the life tenant.* Where the devise of a fee is not immediate but is to take effect at the termination of the life estate, an executory devise over in case the remainder-man shall die without issue has reference to death without issue during the continuance of the life estate, unless there is other language in the will showing that the testator intended a later date. (*Fifer* v. *Allen,* 228 Ill. 507, and *Gavvin* v. *Carroll,* 276 id. 478, explained.)

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

WILLIAM R. BACH, for appellant.

CYRUS HEREN, and STERLING, LIVINGSTON & WHIT-
MORE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Hannah McClun died on October 8, 1891, leaving a will
containing the following devise: "I give and devise to
my daughter, Esther E. Martin, my homestead, [describ-
ing it.] This said homestead, with all its appurtenances, to
be the property of her, the said Esther E. Martin, during
her natural life and then to go to and become the property
of her daughter, Alice M. Martin, and if she, the said Alice
M. Martin, should die without then having living children
born of her body, then this property to go to the heirs of
Elisha H., Robert and Edward McClun." Esther E. Mar-
tin, (the life tenant,) Elisha H. McClun, Robert McClun
and Edward McClun were all children of the testatrix and
all survived her. Robert McClun never married and has
died leaving no children nor descendants. Elisha H. has
died leaving children and grandchildren. Edward is still
living and has children. The life tenant, Esther E. Martin,
died on October 13, 1916, and the devise of the remainder
to her daughter, Alice M. Martin, (who is now Alice M.
Martin Fulwiler, the appellant,) took effect in possession.

The appellant filed her bill in this case in the circuit
court of McLean county, making the appellees, including
all claimants under the executory devise and their living
children and the heirs-at-law of Hannah McClun, defend-
ants. The bill alleged that the premises consisted of a city
lot and two brick dwelling houses which had fallen into
decay; that one house was badly out of repair and did not
bring sufficient revenue to pay taxes and assessments and
the other was incapable of being rented on account of its
condition and was a nuisance; that the complainant had

spent many thousands of dollars to keep the dwellings in repair and had exhausted her funds in so doing; that on account of the attempted limitation over to Elisha H., Robert and Edward McClun her title was clouded and she was unable to borrow any money on the premises and had no other funds, and that the property would not produce income without the expenditure of several thousand dollars, although it adjoined the business district of the city of Bloomington. The bill asked for a construction of the will and that the title of the complainant to the premises be determined and quieted. The court sustained a demurrer to the bill, and the complainant having elected to stand by the bill it was dismissed at her cost.

This was not a bill calling upon a court of equity merely to determine and declare a legal title, but it presented a case calling for the exercise of jurisdiction by the court, on account of the situation of the property and its existing condition, to enable the complainant to have the beneficial use of the property devised to her. The court had jurisdiction, and the doctrine of *McCarty* v. *McCarty,* 275 Ill. 573, did not apply to the case.

By her will Hannah McClun devised a life estate to her daughter, Esther E. Martin, and the remainder in fee after the life estate to her grand-daughter, the complainant, determinable upon the event of the death of the complainant without then having living children of her body, in which contingency the property was to go by executory devise to the heirs of Elisha H., Robert and Edward McClun. An executory limitation over after a fee may be made to depend upon any specified contingency or event operating to determine the estate of the first taker if the limitation is not obnoxious to any rule of law. Whether such a limitation takes effect and destroys the fee in the first taker depends upon the intention of the testator as to when and under what circumstances the devise over is to become effective, and that depends upon the language employed by the tes-

tator under established rules for ascertaining his intention. In case of a devise *simpliciter* to one and if he should die to another, the death of the first devisee is in no sense a contingent event, but the testator has applied to a death which is inevitable, language implying a contingency. Therefore there must have been some circumstance connected with the death which would make it a contingent event, and the only possible contingency would be the time when it would occur. The only particular point of time which the testator could have had in mind would be his own death, and he must have contemplated death during the period of his own life. His will is therefore construed as providing that the executory devise shall take effect in case of the death of the first devisee during his lifetime, which would prevent a lapse. (*Fifer* v. *Allen*, 228 Ill. 507.) If, however, there is a devise to one of a fee determinable upon his death under circumstances which are, in fact, contingent, such as death without issue, the testator is held to have contemplated a death which might occur either before or after his decease, and the will is not construed as providing for a death occurring in the lifetime of the testator. That was the case in *Fifer* v. *Allen, supra,* and *Ahlfield* v. *Curtis,* 229 Ill. 139, where there were devises of present estates with executory devises over if the first takers should die without leaving children.

There is another class of cases where the devise is not immediate but is of a future interest, to take effect in possession upon the termination of an intervening particular estate, as in the case of a devise of a life estate with remainder to another upon termination of the life estate. In such a case, unless the will shows that the testator intended to refer to a later date than the termination of the life estate, the rule is that the gift over will take effect if the contingency happens at any time during the existence of the particular estate, and death without issue means death without issue before the death of the life tenant. That was the situ-

285 – 12

ation in *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, where a life
estate was given to the widow of the testator and the re-
mainder after her death to his children, with the provision
that if any of the children should die the surviving children
of such deceased child should take the share of the parent,
and if any of the children should die leaving no issue, the
share of the deceased child should be divided among the
surviving children. The rule was there declared that where
a gift is postponed pending the termination of a particular
estate which intervenes between the death of the testator
and the time when the remainder will take effect in posses-
sion and there is a devise over upon the death of the first
taker without issue, the testator is held to contemplate a
death during the continuance of the particular estate unless
a contrary intent is found in the will. The law on that sub-
ject was re-affirmed in *Sheley* v. *Sheley,* 272 Ill. 95, where
there was a devise of a life estate to the widow with a re-
mainder to the testator's children, but if any one or more
of the children should die without issue, the share of the
deceased child should revert back to the estate and be di-
vided equally among all the surviving heirs. All the chil-
dren survived the life tenant and upon her death were held
to be seized in fee simple of the remainder. The rule was
again affirmed in *Welch* v. *Crowe,* 278 Ill. 244, where the
gifts over of the remainder were preceded by two particu-
lar estates. There being nothing in the will referring to a
later date than the termination of the preceding particular
estates, it was held that death without issue referred to such
death before the termination of the particular estate.

In the case of *Fifer* v. *Allen, supra,* there was a quota-
tion from volume 30 of the American and English Encyclo-
pedia of Law, at page 709, that the general rule of construc-
tion as to death as well after as before the death of the
testator is the same, whether the gift is immediate or post-
poned to a life interest; and that was correct as applied to
the question then under consideration, which was whether

the contingency of death without issue meant death before that of the testator. Following that quotation the correct rule was stated, that a gift in remainder after a life interest importing death without children will *prima facie* be restricted to the event of death during the period of the life interest, citing numerous cases in support of the text. If there is anything in the will from which it appears that the testator referred to a later period than the termination of the life estate his intention will be given effect, and although there was an intervening life estate in the case of *Gavvin* v. *Carroll*, 276 Ill. 478, it was considered that the proper construction of the will meant a death without issue at any time. In that case there was a devise of a life estate to the widow of the testator with remainder to his son, John Gavvin, with this limitation: "Should he die without issue then the property devised to him in this item shall be equally divided among my surviving children at the time of his decease." The testator emphasized the time of the decease of John Gavvin as the time when the executory devise should take effect, and this would lead to the conclusion that the testator had in mind a definite failure of issue upon the death of John Gavvin, whenever it might occur. In this case there is nothing in the will which would justify a conclusion that Hannah McClun had in mind any later period than the termination of the life estate, and there is nothing to take the case out of the general rule. Upon the death of the life tenant the complainant became vested with the fee simple title to the property devised to her, and it follows that the court erred in sustaining the demurrer and dismissing the bill.

The decree is reversed and the cause is remanded, with directions to enter a decree finding the fee simple title to be in the complainant and granting the prayer of the bill.

*Reversed and remanded, with directions.*