PHOENIX BABCOCK and Others v. MARTIN F. COLLINS and Others.[1]

January 18, 1895.

No. 9007.

### Foreign Will—Appointment of Foreign Executors under Laws 1870, c. 66—Power of Sale.

After a will was probated at the domicile of the testator, in another state, and the executors there qualified, and before the will was probated in this state, the executors conveyed land in this state under the power of sale in the will, *held*, the foreign probate conclusively established the validity of the will, and after the passage of Laws 1870, c. 64, and before its repeal by the Probate Code, the foreign executors there appointed had a conclusive right to appointment here, on giving the bond therein provided, if required, and after the will was so conclusively established, and the executors had duly qualified at the foreign domicile, they could, in the absence of any demand for ancillary administration, so exercise the power of sale, subject to the rights of local creditors; that the authority to act under such power is contractual, not statutory, and such power is regulated as much or more by G. S. 1878, c. 44 (G. S. 1894, §§ 4301–4361), relating to powers, as by G. S. 1878, c. 47, relating to wills, or chapter 50, Id., relating to executors; that the last two chapters did not apply, so as to prevent such foreign executors from so exercising such power; that, when the will is so conclusively established, the probate of it in this state is mostly a matter of form, and, when so probated here, it related back and perfected the sale so made under the power.

### Construction of Deed.

Where a deed is made by "A. B., Executor," and signed by him in the same form, *held*, it sufficiently appears that it was made by him in his representative capacity.

### Record of Deed — Purchasers Put on Inquiry — Reasonable Time — Estoppel.

Where such deed was made in 1875, was recorded in 1877, conveyed an undivided one-tenth of 80 acres and two government lots, the value of which at that time does not appear, purported on its face to be made for a nominal consideration, and was permitted ever since, until the commencement of this action, to remain unquestioned, during which time the property was conveyed many times, in apparent reliance on such deed, and is now held by many purchasers under said deed, *held*, it is conceded, without being decided, that for a reasonable time after the deed was made and recorded the nominal consideration expressed in it was sufficient to put

[1] Reported in 61 N. W. 1020.

purchasers on inquiry, but that time has long since passed; that, after it had so remained unquestioned a reasonable length of time, persons about to purchase had a right to conclude that a sufficient consideration had in fact been paid, and were justified in relying on the deed. The fact that plaintiffs (the devisees) did not know until the last three or four years that the deed had been procured of the executors by fraud is no reason why they should not be estopped, as against such innocent purchasers.

Action in the district court for Anoka county to set aside the deed mentioned in the opinion, to determine the interest of the parties to the action in the land conveyed, and for a partition of the interest therein of the plaintiffs. The allegations of the complaint are stated in the opinion. From an order of the court, Smith, J., sustaining demurrer of the Minneapolis Improvement Company, Northeast, plaintiffs appealed. Affirmed.

*Ripley, Brennan & Booth,* for appellants.

Probate does not legalize gifts of assets, or other improper intermeddling. Bellinger v. Ford, 21 Barb. 311; Harris v. Strodl, 132 N. Y. 392, 30 N. E. 962; Russell v. Russell, 36 N. Y. 581. In executing the power of sale, the executors acted as trustees, and not as executors. The probate of the will is a condition precedent to the right of the trustees to act. Qualification as executor is not good as trustee. The executor can accept one office, and not the other. Deering v. Adams, 37 Me. 264, 275; G. S. 1878, c. 50, § 2; Simpson v. Cook, 24 Minn. 180. A deed made as executor by one who conveys as trustee, under a power of sale in a will, is not effective, and conveys nothing. Brooks v. Terry, 14 N. Y. Supp. 238; Schley v. Brown, 70 Ga. 64.

*Koon, Whelan & Bennett,* for respondents.

The deed was made in an official capacity, and therefore properly executed the general power held by the executors, and conveyed all the interest of the testator in the land. Witt v. St. Paul & N. P. Ry. Co., 38 Minn. 127, 35 N. W. 862; Sanborn v. City of Minneapolis, 35 Minn. 314, 29 N. W. 126; Winston v. Johnson, 42 Minn. 398, 45 N. W. 958; Terry v. Rodahan, 79 Ga. 278, 5 S. E. 38; Doe v. Sturges, 7 Taunt. 217. The power held by the executors was a general, not a limited, power, and a quitclaim deed upon the con-

sideration of one dollar is within both its terms and its spirit. Van Zandt v. Furlong, 18 N. Y. Supp. 54; Hull v. Glover, 126 Ill. 122, 18 N. E. 198; White v. Williamson, 2 Grant (Pa.) 249; Meyer v. Hale (Tex. Civ. App.) 23 S. W. 990; Strong v. Lynn, 38 Minn. 315, 37 N. W. 448; Harris v. Strodl, 132 N. Y. 392, 30 N. E. 962; Mott v. Smith, 16 Cal. 534; Randall v. Duff, 79 Cal. 115, 19 Pac. 532, and 21 Pac. 610. If the devisees have been injured by this deed, the executors should be held accountable for the loss, rather than innocent purchasers for value.

CANTY, J. This is an appeal from an order sustaining a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges that one Francis M. Babcock died, testate, in 1872, and was at the time of his death the owner of an undivided one-tenth of certain real estate in Anoka county; that thereafter, on April 4, 1872, his last will was duly probated in the surrogate court in New York county, in the state of New York, where he resided at the time of his death; that Phoenix Babcock, one of these plaintiffs, and one John Babcock, were the executors named in said will, and that they then duly qualified as such executors; that, by the terms of said will, said executors were given authority at any time, whenever they deemed it advisable, to sell and convey the real estate left by said testator, or any part thereof; that thereafter, on June 23, 1875, said executors made a deed of said land to one Thompson, which deed is set out, and by its terms it is the deed of "John Babcock and Phoenix Babcock, executors of the last will and testament of Francis M. Babcock, deceased, parties of the first part," to Thompson, and it is signed, "John Babcock, One of the Executors of the Last Will and Testament of Francis M. Babcock, Deceased," and by Phoenix Babcock in the same way. The deed recites that it is made in consideration of one dollar, and the complaint alleges that no consideration whatever was paid for it, but that it was procured by Thompson from the executors by means of false pretenses. It sufficiently appears that the defendants claim title through this deed and subsequent conveyances. A part of the land has been platted and sold as town lots, and there are 45 defendants. The plaintiffs are the devisees under the will. It is further alleged that on July

6, 1891, said will was duly admitted to probate in said county of Anoka, in this state, and that there are no debts against said estate. The prayer of the complaint is that said deed from the executors to Thompson be set aside and declared void, and that the real estate be partitioned between plaintiffs and the defendants, who are owners of the other nine-tenths of the same.

1. The appellants contend that the deed from the executors to Thompson, having been made before the will was probated in this state, and before the executors had qualified and received letters testamentary from a probate court in this state, is void. On the other hand, the respondents contend that the will, having since been probated in this state, relates back, and takes effect from the time of the death of the testator, and validates the execution of the deed. G. S. 1878, c. 47, § 17, provides that "no will shall be effectual to pass either real or personal estate, unless it is duly proved and allowed in the probate court." However, it is well settled that the probate of a will relates back and gives effect to a deed made by a devisee before the probate. But it does not follow that such probate will relate back and give effect to the deed of an executor who acts merely as a trustee. G. S. 1878, c. 50, § 2, provides that before entering on the execution of his trust, and before letters are issued to him, an executor shall give bonds; and section 5 provides that, if he neglects to accept the trust and give bonds for 20 days after the probate of the will, he shall not intermeddle or act as executor. At common law, an executor could do nearly all acts under the will before it was proved that he could do afterwards, and, when the will was proved, it related back and cured his acts. 1 Williams, Ex'rs (6th Am. Ed.) p. 347, pt. 1, bk. 4, c. 1, § 2. But this is not the law in the American states having statutes similar to ours. 3 Redf. Wills, 21. See, also, Wiswell v. Wiswell, 35 Minn. 371, 29 N. W. 166. But this will was probated in the state of New York before the deed in question was made, though not in this state until afterwards. The provisions of our statute above quoted certainly do not apply with full force to the case of a foreign will duly probated at the place of the domicile of the testator in another state, or to the executor duly appointed by the proper court at that place. It is well settled that, as far as the personal estate is concerned, such foreign executor has a right to intermeddle with the property and

choses in action found in this state without proving the will or procuring letters in this state, unless ancillary administration in this state is demanded by some local creditor or claimant entitled to demand it. And except where there are paramount local rights, such as those of local creditors, the law of the foreign domicile controls in the disposition of the personal property. Putnam v. Pitney, 45 Minn. 242, 47 N. W. 790; 1 Redf. Wills, *397, subsec. 7, note 4; Id. *409, subsecs. 19, 20; Whicker v. Hume, 7 H. L. Cas. 124; Douglas v. Cooper, 3 Mylne & K. 378; Enohin v. Wylie, 10 H. L. Cas. 1. Our statute expressly recognizes the right of a foreign executor thus to intermeddle in the estate found in this state. G. S. 1878, c. 77, § 6 (G. S. 1894, § 5917), provides that he may prosecute an action in this state in his capacity as foreign executor if, before commencing the same, he files in the probate court of the county in which the action is commenced an authenticated copy of his appointment as such executor; but it neither requires him to prove the will nor obtain letters in this state. But, while the statutory prohibitions above quoted do not apply to such foreign executor, it does not follow that he has any power or authority over the real estate in this state. While the personal estate is thus to be disposed of according to the law of the foreign domicile, the disposal of the real estate is governed wholly by the law of the state in which it is situated. But our statute clearly recognizes as valid and indisputable a foreign will thus duly probated at the foreign domicile, and the proceedings by which it is probated in this state are mostly a matter of form.

G. S. 1878, c. 47, contained the following sections:

"Sec. 18. All wills, duly proved and allowed in any of the United States, or in any foreign country or state, according to the laws of such state or country, may be allowed, filed and recorded in the probate court of any county in which the testator has real or personal estate on which such will may operate, in the manner mentioned in the following sections:

"Sec. 19. When a copy of such will and the probate thereof, duly authenticated, is produced by the executor, or other person interested in such will, to the probate court, such court shall appoint a time and place of hearing, and notice shall be given in the same manner as in the case of an original will presented for probate.

"Sec. 20. If, on hearing the case, it appears to the court that the instrument ought to be allowed in this state, as the last will and testament of the deceased, the copy shall be filed and recorded, and the will shall have the same force and effect as if it had been originally proved and allowed in the same court."

These are substantially sections 17, 18, and 19 of chapter 62 of the Revised Statutes of Massachusetts of 1836, after section 19 thereof was amended by chapter 92 of Statutes of 1843, striking out a proviso that the statute should not be so construed as to make valid any will not executed, attested, and subscribed according to the laws of that state. After this amendment, the Massachusetts court held that the statute gave the same force and effect to a foreign will as to a domestic will, if made according to the laws of the state or country where it was executed and probated, though not according to the laws of Massachusetts, and that such foreign probate was conclusive. Crippen v. Dexter, 13 Gray, 332. However, it is not necessary here to decide whether or not this court would hold, as that court did in that case, that such foreign probate is conclusive where the law of such foreign domicile required no notice of probate, and none was given. But, at least, where such foreign probate was properly a proceeding in rem, our statute makes it conclusive as to the validity of the will, and the proceeding to probate it in this state is much in the nature of a suit on a foreign judgment. Not only is the foreign probate conclusive, but, as we construe it, the amendment added to section 21 of chapter 47 by Laws 1870, c. 64, made the right of the foreign executor conclusive also. That amendment is as follows: "Letters testamentary, or letters of administration with the will annexed, may issue to a foreign executor or administrator with the will annexed, though not a resident of this state, upon filing a duly authenticated copy of his appointment and the bond given by him in the state or county in which it was originally proved; provided that the judge of probate, before issuing such letters, may, in his discretion, require him to give bonds as in other cases." Before this amendment, and since the repeal of it by the Probate Code, the foreign executor had a right to appointment upon the ancillary probate here, unless, for some good reason, the probate court, in the exercise of its discretion, should refuse to appoint him. See Hardin v. Jamison, infra, p.

112, 61 N. W. 1018. Then, this amendment must have been passed to give the foreign executor a more conclusive right. As we construe this amendment, "may" meant "must"; and when the foreign will was probated at the domicile, and the foreign executor was there appointed, his right to appointment here was conclusive on giving the bond, if one was required by the probate court.

The power to sell this real estate was not given by the court, but by the will itself, and is regulated as much or more by G. S. 1878, c. 44 (G. S. 1894, §§ 4301–4361), relating to powers, as by G. S. 1878, c. 47, relating to wills, or chapter 50, Id., relating to executors. Under our statutes as they stood before the adoption of the Probate Code, it seems to us that after the will was conclusively established by the foreign probate, and the executor qualified at the foreign domicile, he could, subject to the rights of local creditors, make a sale under the power in the will, which would become effectual when the formal act of probating the will here was performed. The execution of a power in a will does not stand on the same footing as the execution of a power given by the law. The power in a will is contractual, not statutory. See Holcombe v. Richards, 38 Minn. 38, 35 N. W. 714, for an illustration of this distinction. When a power in a will is defectively executed, equity will decree its proper execution. G. S. 1878, c. 44, § 57 (G. S. 1894, § 4357); 1 Story, Eq. Jur. §§ 170–175; 2 Pom. Eq. Jur. § 834. In the case of Newton v. Bronson, 13 N. Y. 587, the executor of a last will probated in New York, and containing a power of sale authorizing him to sell the testator's real estate in Illinois, made an executory agreement to sell the same. The court sustained an action for specific performance of the agreement. In the opinion by Denio, C. J., it is said: "It is argued that the defendant's office of executor does not extend to the lands in Illinois, upon the principle that letters testamentary and of administration have no force beyond the jurisdiction in which they are granted. Schultz v. Pulver, 11 Wend. 372. Hence it is said the defendant cannot effectually perform the judgment of the supreme court, not being able, as it is insisted, to affect the title to lands out of this state. But the authority of the defendant in respect to real estate is not conferred by the probate court. He is the donee of a power at common law and under the statute; and although it was, by the will, made a condition to

his acting under the power that he should qualify as executor, when he has performed that condition, he acts in conveying the land as the devisee of a power created by the owner of the estate, and not under an authority conferred by the surrogate,"—citing Conklin v. Egerton's Adm'r, 21 Wend. 430, 436. While the execution of such a power will be aided in equity, the defective or partial execution of a power created by law will not. 2 Pom. Eq. Jur. § 834. If the defective execution of a power in a will is thus aided by a court of equity, surely such defective execution must be good when it is cured without such aid. The deed here in question was but a defective execution of the power, but we are of the opinion that the subsequent probate of the will in this state related back and cured the defect. As said by Judge Story in Ex parte Fuller, 2 Story, 337, Fed. Cas. No. 5,147, in discussing the Maine statute, which is the same as ours (chapter 47, § 17): "The section only provides that no will shall be effectual to pass real estate *unless* it shall have been duly proved, not *until* it shall have been duly proved." And he held in that case that, on being proved, it related back and gave effect to the prior conveyance. See, also, Spring v. Parkman, 12 Me. 127. In the case of Richards v. Pierce, 44 Mich. 444, 7 N. W. 54, after the will was probated and the executor appointed at the foreign domicile, he brought an action. It was held that the subsequent probate of the will in Michigan related back, so as to enable him to maintain it. In the case of Crusoe v. Butler, 36 Miss. 150, the facts are very similar to the facts in the case at bar, and it was held that, after the will was probated at the foreign domicile, real estate in Mississippi could be sold under the power of sale, and that, when the will was subsequently probated in that state, it related back and perfected the sale. It was held that, "when the will was admitted to record in this state, it was merely for the purpose of authenticating the evidence by which the special power was established, and of rendering the prior right available here."

It does not appear by the complaint that letters testamentary were ever issued in this state to the executors. For the reasons above stated, we are of the opinion that it was not necessary to issue such letters to perfect the prior exercise of the power of sale. At common law, the executor named in the will could exercise the

power of sale of which he was the donee, though he refuse the administration. See Conklin v. Egerton's Adm'r, 21 Wend. 430, and cases cited. So, also, at common law, a sale of personal property by an executor before proof of the will was cured by such proof, though he never qualified, but died before the will was proved. 3 Dyer, 367a; Brazier v. Hudson, 8 Sim. 67. We are of the opinion that the subsequent probating of the will in this state related back and perfected the deed in question.

2. It is urged by appellants that the deed does not appear to be the deed of the executors as such, but merely their deed as individuals; that they did not sign it as executors, or so designate themselves in the body of the deed. It fairly appears that they intended to make the deed in their representative capacity. See G. S. 1878, c. 44, § 50 (G. S. 1894, § 4350); Warner v. Connecticut M. L. Ins. Co., 109 U. S. 366, 3 Sup. Ct. 221; 18 Am. & E. Enc. L. 931. note.

3. The deed purports to have been executed in consideration of one dollar, and it is urged by appellants that for this reason it is void on its face, being made by trustees in their representative capacity. Whatever might be said as to such a deed, if it appeared that the property attempted to be conveyed by it was at the time valuable, and parties interested had promptly repudiated it, this is not such a case. This deed was made for a one-tenth interest in 80 acres and two government lots. It might have been a partition deed, which the parties interested had procured or ratified. This deed was recorded in 1877, and remained of record unquestioned thereafter until this action was brought. Conceding, without deciding, that the nominal consideration expressed in it was a sufficient circumstance, for some reasonable time after it was made and recorded, to put a purchaser on inquiry, that time has long since passed. After it had remained of record for some years unquestioned, a person about to purchase under it had a right to conclude that there was no vice in the deed; that a sufficient consideration had in fact been paid, or it would have been attacked within a reasonable time; and he was justified in relying upon it. It is not claimed that these defendants had any knowledge that there was any fraud in the transaction, unless the face of the deed was sufficient to put them on their guard, and we are of the opinion that after such reasonable time it

was not. The fact that plaintiffs did not know until the last three or four years that the deed had been procured by fraud is no reason why they should not be estopped as against innocent purchasers.

The order appealed from should be affirmed. So ordered.