---

(No. 13193.—Reversed in part and remanded.)
Lawrence Edward McNamara *et al.* Appellants, *vs.*
Alice McNamara *et al.* Appellees.

*Opinion filed April 21, 1920.*

1. Wills—*devise to a child who is dead is not void.* Under section 11 of the Statute of Descent a devise to a deceased child goes to the heirs of such child, and a clause of a will giving a share to a deceased daughter, among other children named, "or to their children or legal heirs in case of the death of either," is not void because the daughter was dead at the time of making the will.

2. Same—*devise must be construed by courts of State in which land is situated.* The validity and construction of wills affecting title to land depend upon the law of the State where the land is situated, and where a testator by a single will devises lands lying in two or more States, the courts of each State will, respectively, construe the will, as to the lands situated therein, in the same manner as if they had been devised by separate wills.

3. Same—*restraint upon power of alienation after devise of fee is void.* A general restraint on the power of alienation, when incorporated in a will otherwise conveying a fee simple, is void as against public policy.

4. SAME—*holding restraint upon alienation void does not invalidate whole will.* ·Where a testator has devised his property in fee, followed by a general restraint upon alienation, holding the provision against alienation void does not invalidate the whole will, as thereby destroying the intention of the testator to have his estate remain in the family for a number of years.

5. SAME—*when bequest to trustees of cemetery is void.* A bequest of a sum of money to the trustees of a certain cemetery for the care of the testator's lots is void where the cemetery association is not incorporated; but holding the bequest void does not affect other provisions of the will, and the sum so bequeathed will be added to a bequest of all personal property to the testator's wife.

APPEAL from the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding.

HARRY H. WAITE, and CARL E. SHELDON, for appellants.

ALDRICH & WORCESTER, H. C. WARD, and J. A. RIORDON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The circuit court of Whiteside county entered a decree construing the will of Michael McNamara, and from that decree certain of the testator's children and grandchildren have perfected this appeal.

Michael McNamara resided in Prophetstown, in said county, and died January 28, 1917, testate, leaving an estate of about $125,000, mostly invested in land in Illinois and Tennessee. He left three children by his first wife and two grandchildren, whose mother (McNamara's daughter by his first wife) had died before the testator's death. He also left seven children by his second wife, and the second wife survived him. The will of McNamara was dated June 6, 1914. It was duly probated, and so far as necessary for an understanding of this case is substantially as follows:

The first clause gives all of his personal property to his wife, Alice. The next three clauses, omitting the description of the land, read as follows:

"*Second*—I give, bequeath and devise to my son Lawrence, to my daughters Allie, Kate, Annie, Esther and Maude, or to their children or legal heirs in case of the death of either one of the above named six children, to each one an undivided one-sixth part of the following described real estate, to-wit: [Here describing 637 acres of land in Tennessee.]

"*Third*—I give, bequeath and devise to my sons George, Martin and Frank, or to their children or legal heirs in case of death of either one of said sons, an undivided one-third share of the following described real estate, to-wit: [Here describing 338 acres of land in Tennessee.]

"*Fourth*—I give, bequeath and devise to my sons Edward and Andrew an undivided one-half share to each of the following described real estate tracts:" [Here describing 300 acres of land in Tennessee.]

The fifth clause reads, in part, as follows: "The above devised real estate, as stated and described in articles 2, 3 and 4 of this instrument, shall not be sold by the said devisees nor their heirs for a period of fifteen years after my death. After that time all restrictions as to ownership shall be canceled. During the said fifteen years the executors hereinafter appointed shall rent or let all the said land and out of any rents received shall pay all taxes on these several tracts and make such repairs that are absolutely necessary in an impartial way as to the several interests concerned, and in case there is any money left after paying taxes as said, then this remainder shall be deposited in the nearest responsible savings bank. * * * At the end of said fifteen years, if there is any money in said savings bank derived from said rents, it shall be paid, share and share alike, to the said eleven devisees or their legal heirs. During said fifteen years all the land shall be considered as one, and taxes shall be paid on all, whether all have yielded rents or not."

The sixth clause gives to the sons Martin and Frank and to the daughters Esther and Maude land in a certain township 19, in Whiteside county. The seventh clause gives to the son Andrew and the son Edward land in said township 19, and the eighth clause gives to the son George land in said township 19, the latter part of the clause reading as follows: "But neither the said devisees nor their legal heirs can sell any of said real estate described above and lying in township 19, range 5, east of the fourth principal meridian, in said county of Whiteside and State of Illinois, for the term of sixty years after my death. After that all restrictions are removed." The ninth clause gives and bequeaths the rents of certain real estate to his wife, Alice, as long as she lives and remains his widow, with a provision also as to certain rents to be paid by his son Frank. We do not understand there is any contest over the decree with reference to this clause. The tenth clause reads as follows:

"*Tenth*—I give and bequeath to the trustees of the Catholic cemetery in the town of Tampico the sum of $150, in consideration of which the said trustees shall keep my lots in said cemetery in the usual repair that the cemetery is given."

The eleventh clause provides that after the wife's death all of the real estate of which she is given the use shall be sold at public sale and divided among "all my children named herein or their legal heirs, share and share alike." The twelfth clause appoints his wife, Alice, and son Edward, as executors, with certain provisions as to bonds and power of sale of real estate.

Appellants' principal contention appears to be that as many of the provisions of the will are void for certain reasons hereinafter referred to, the whole scheme of distribution planned by the testator is thereby destroyed and the whole will is void. No objection is made to clause 1, but as to clause 2 appellants contend that the testator named as one of the legatees his daughter Annie, and that the rec-

ord shows that Annie died in 1908, about nine years before the testator's death; that as this was a provision in favor of a person who did not exist at the time the will was drawn it was void, and that this reasoning also applies to provisions in his daughter Annie's favor in clauses 5 and 11. As clauses 2 and 5 have reference to land in Tennessee, this court, according to the rules hereafter stated in this opinion, has no jurisdiction as to the proper construction of those clauses with reference to land outside the State, but as clause 11 has reference to property in Illinois we will consider this question.

By a reference to clause 2 it will be seen that the testator gave a share to the daughter Annie among the other children therein named, but stated, "or to their children or legal heirs in case of the death of either one of the above named six children." It seems quite evident from the wording of the will that the testator used that language with the knowledge and consideration of the fact that his daughter Annie was dead, and that the reference to the death of either of said children would cover the death of Annie before the making of the will. Under section 11 of the Illinois Statute of Descent (Hurd's Stat. 1917, p. 1074,) as construed by this court in *Kehl* v. *Taylor,* 275 Ill. 346, it is obvious that a devise to a child who is dead will under that statute go to the heirs of such deceased child. It does not require any artificial or forced construction of the language used in the will to reach the meaning in accordance with this conclusion. The reference to Annie in the eleventh clause of the will is not specifically by name, but so far as it does apply to her or her heirs or her descendants we can not consider said clause void by reason of the fact that she was already deceased at the time of making the will.

Counsel for appellants next argue that the second, third, fourth and fifth clauses of the will, each devising land in Tennessee, are void because the will provides that the land referred to in said clauses cannot be sold for fifteen years

after the testator's death. The circuit court held that as these clauses referred to land outside of the State the courts here have no jurisdiction as to the construction or effect of those clauses. This court has repeatedly held that the validity and construction of wills affecting the title to land depend upon the law of the State where the land is situated. (*Steib* v. *Whitehead*, 111 Ill. 247; *Harrison* v. *Weatherby*, 180 id. 418; *Folsom* v. *Board of Trustees*, 210 id. 404.) Where a testator by a single will devises lands lying in two or more States, the courts of such States will, respectively, construe it as to the lands situated in them, respectively, in the same manner as if they had been devised by separate wills. (*McCartney* v. *Osburn*, 118 Ill. 403.) Without doubt the wording of the will in these clauses by the law of this State devised a fee simple title to the children, and the rule here, as well as in other jurisdictions, is that the general restraint on the power of alienation, when incorporated in a will otherwise conveying a fee simple, is void as against public policy. (*Davis* v. *Hutchinson*, 282 Ill. 523.) This court has said with reference to holding restraints on alienation void in *Little* v. *Bowman*, 276 Ill. 125, on page 130: "Such an attempted restraint on alienation is universally rejected and the devise sustained." The circuit court, however, rightly held that the courts of this State have no jurisdiction to consider the construction or to hold the will with reference to the Tennessee lands void. If it be conceded for the purposes of this case that the courts of Tennessee will so hold, then counsel for appellants argue earnestly that the holding of these provisions void renders the entire will invalid.

Counsel for appellants further argue as to clauses 6, 7 and 8 that they are void because in restraint of alienation, and if carried out would prevent the land being sold for a period of sixty years after the testator's death. The chancellor found that these restrictions were void, and under the authorities already cited this holding must be sustained.

Apparently counsel for appellees also agree that this construction is the correct one. However, appellants contend that this holding as to these clauses being void, together with the invalidity of other parts of the will which they insist are invalid, completely overthrows the scheme of distribution made by the testator and renders the whole will void. To support this argument they rely largely on the reasoning of this court in *Reid* v. *Voorhees,* 216 Ill. 236. In that case the court says (p. 246) : "Where provisions of a will are, in fact, independent and not for the carrying out of a common or general purpose, it is undoubtedly true that such as are contrary to law may be rejected without in any manner affecting valid provisions. The statement, however, that a valid provision will be sustained if no violence is done to the parts sustained by the rejection of the invalid provisions is too narrow a statement of the rule and is in disregard of the cardinal principle that the testator's wishes, as evidenced by the general scheme adopted, are to be taken into consideration so that justice must be done if it can be. The rule as stated by appellees would seldom ever permit a valid provision to be set aside because other provisions were held invalid. It would be difficult to frame a will so that the rejection of the invalid provisions could seriously affect or do violence to valid provisions which might be sustained. The correct solution can only be arrived at by taking into consideration the general scheme and intention of the testator and the effect that defeating a part of the provisions may have upon the general scheme of the testator or on the beneficiaries or objects of his bounty." The doctrine on this point as laid down in that case has been referred to and applied by this court, among other cases, in *Barrett* v. *Barrett,* 255 Ill. 332, *Carpenter* v. *Hubbard,* 263 id. 571, *Cochran* v. *Cochran,* 277 id. 244, and the cases referred to in those decisions. Under the reasoning of these decisions, having in mind the general scheme of the testator, we cannot agree with counsel

for appellants that the chief intention of the testator was not to give the fee to his children but to put a limitation upon it for years before they could dispose of the property. If that contention be upheld, the restraint on alienation being void, the holding of any provision of a will invalid on that ground would, it seems to us, invalidate the entire will in every such case. We cannot so hold.

Counsel for appellants next argue that clause 10, which gives $150 to the trustees of the Catholic cemetery of the town of Tampico for the care of testator's lots, is void because there are no such persons as the trustees of said cemetery and no corporation of that name. This court held in *Mason* v. *Bloomington Library Ass'n,* 237 Ill. 442, that a perpetual trust could not be created for the purpose of caring for a private burial lot unless its creation was authorized by statute, and that as there was no statute of this State authorizing the creation of such trust in the hands of a private trustee a devise to a private trustee for such purpose was void. Since then a statute has been passed (Hurd's Stat. 1917, sec. 31a, p. 191,) authorizing such gifts to incorporated cemeteries. It was further held in that case and in *Burke* v. *Burke,* 259 Ill. 262, that the invalidity of this part of a trust would not defeat the other provisions of the will, and the same must be held here. Under the weight of authority in other jurisdictions, including the decisions just cited, we must hold this tenth clause in the will void. This, however, will not affect the other provisions of the will. The $150 bequeathed in that clause will be added to the amount of personal property going to the wife.

The decree of the circuit court will be affirmed as to all its parts except the tenth clause and as to that clause said decree will be reversed and the cause remanded, with directions to enter a decree as to that portion of the will in accordance with the views herein stated.

*Reversed in part and remanded, with directions.*