## CANTERBURY v. MANDEVILLE et al.
### No. 7930.

Circuit Court of Appeals, Seventh Circuit.
June 23, 1942.

Rehearing Denied July 15, 1942.

Writ of Certiorari Granted Nov. 9, 1942.

See —— U.S. ——, 63 S.Ct. 158, 87 L.Ed. ——.

Corinne L. Rice and Russell Baker, of Hubbard, Baker & Rice, all of Chicago, Ill., for appellants.

Roland D. Whitman, Charles R. Holton, and Herbert R. Tews, of Whitman, Holton & Tews, of Chicago, Ill., (Herbert R. Tews, of Chicago, Ill., of counsel), for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This appeal questions the propriety of an order restraining the defendants from prosecuting certain suits instituted by them in the state courts of Minnesota and Wisconsin.

Greek Miller Canterbury, as plaintiff, brought this suit in equity, seeking a construction of the will of Richard A. Canterbury devising lands in Illinois, Minnesota, and Wisconsin. She did not seek to affect directly the lands in Minnesota or Wisconsin, but sought only to establish her claimed interest in the trusts created by the will.

Canterbury died on September 19, 1906, leaving him surviving Emma C. Canterbury, his widow, since deceased; Richard C. Canterbury, his son; Lucy A. Durkes, Leona S. Canterbury, and Emma M. Canterbury, his daughters. Richard C. Canterbury is now deceased. He left him surviving, the plaintiff, his widow; Leona S. Mandeville and Emma M. Wilson, his sisters; and Katherine D. Roe and Leona D. Wilson, children of Lucy A. Durkes, his nieces. Lucy A. Durkes is now deceased and she left her surviving, Katherine D. Roe and Leona D. Wilson, her daughters. Leona S. Mandeville died in April, 1941, leaving her surviving, Maurice Mandeville, her husband, and Richard C. Mandeville, her son. Emma M. Wilson is now the sole surviving child of the testator. She has two children who have not been made party defendants.

The will of Richard A. Canterbury was admitted to probate on October 18, 1906, by the Probate Court of Cook County, Illinois. It created certain trust estates for the benefit of his widow and children during the life of the survivor of his four children and for five years thereafter. These trust estates consisted of real estate located in Illinois, Wisconsin, and Minnesota.

Richard C. Canterbury died testate in January, 1940. His will was admitted to probate on January 15, 1940, by the Probate Court of Lake County, Illinois, and Maurice Mandeville duly qualified as executor of his will. Under his will plaintiff was given all of his household goods, wearing apparel and jewelry, and, in addition, one half of the rest, residue and remainder of all his property wherever situated.

The complaint alleged that when Richard C. Canterbury died, he was and had been vested with an inheritable, undivided fractional interest in the real and personal property constituting the trust estates, and that under his will plaintiff became vested with an undivided interest thereof; that the defendant trustees deny that plaintiff has any interest in the trust estates, refuse to recognize her claim or to set off to her, her share in the trust estate; and that plaintiff prays the court to construe the will of Richard A. Canterbury, find and decree that she has a vested interest in the property in the trusts, fix the amount thereof, and quiet her title, etc.

The defendants answered that they rightfully refused to recognize any claim of the plaintiff and averred that there was no call for a judicial construction of the will because the terms of it were clear and definite.

Thereafter, in April, 1941, the defendants filed a suit against plaintiff in a state court in Minnesota, to construe the portions of the will of Richard A. Canterbury which devised lands located in that state. In June, 1941, Richard C. Mandeville petitioned for —and there were issued to him by the County Court of Rock County, Wisconsin—ancillary letters in the estate of Richard A. Canterbury, deceased, and thereupon he filed a petition in which he alleged that he is unable to determine the right of the beneficiaries and prayed for a construction of the will. At about the same time the defendants filed another complaint against plaintiff and Richard C. Mandeville in a state court in Wisconsin, to construe the portions of the will of Richard A. Canterbury which devised lands located in the State of Wisconsin.

Thereafter, the plaintiff petitioned the District Court to restrain the defendants from further pursuing the suits in the state courts of Minnesota and Wisconsin, seeking the construction of the will of Richard A. Canterbury, deceased. Defendants answered claiming that the plaintiff's complaint failed to state a cause of action for the construction of the will as to lands in Minnesota and Wisconsin and that the suits in the state courts did not defeat or impair the jurisdiction of the District Court. After due hearing, the District Court found that the application for a temporary injunction was well taken and should be sustained because it was the first court to acquire jurisdiction in the premises, that the institution and the continued prosecution of the state court proceedings by the defendants tend to and will prejudice, affect, impair, and ultimately defeat the jurisdiction of the District Court. The court thereupon enjoined the defendants from further prosecuting those certain suits in the state courts seeking the construction of the will of Richard A. Canterbury. The order, however, did not restrain the defendants from proceeding with the ancillary administration proceedings.

Defendants' principal contention appears to be that the trial court lacked jurisdiction. They argue that the probate of a will in one state does not establish the validity of the document as a will devising real estate in another state.

It is true that no instrument can be effective as a will until proved, and no rights in relation to it can arise until preliminary probate has been first made, Ellis v. Davis, 109 U.S. 485, 3 S.Ct. 327, 27 L.Ed. 1006. Even so, the will in the instant case has been proved and admitted to probate by the Probate Court of Cook County, Illinois, a court of competent jurisdiction,[1] and under the statutes of Wisconsin[2] and Minnesota,[3] the procedure for establishing a will proved in another state is simply pro forma, Babcock v. Collins, 60 Minn. 73, 61 N.W. 1020, 51 Am.St.Rep. 503. The statutes of those states provide that when a will has been probated in a foreign state and it shall appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction and is still in force, the copy and the probate thereof shall be filed and recorded, and the will shall have the same force and effect as if it had been originally proved and allowed in this state, and the subsequent proceeding may be the same.

We pass to defendants' contention that the trial court erred in issuing the injunc-

[1] c. 37 § 299 et seq. Ill.Rev.Stat.1941.
[2] Wisconsin Stat.1939, § 310.07.
[3] Mason's Minn.Stat. Vol. 2, §§ 8759, 8761.

tion because the proceeding is in personam and the courts of Wisconsin and Minnesota have exclusive jurisdiction of the laws in those states.

Undoubtedly, if the ultimate relief sought was for a money judgment only, the action would be in personam, Kline v. Burke Construction Co., 260 U.S. 226, 228, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, and the rule which we shall presently discuss would not be applicable. Here, however, the question is not merely whether the action is in personam or in rem, since the plaintiff seeks primarily the establishment of her interest in the trust estate and not a money judgment only.

It is true that under § 265 of the Judicial Code, 28 U.S.C.A. § 379, proceedings in the state courts should be free from interference by federal injunction, Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, but that section is to be construed in connection with § 262 of the Judicial Code, 28 U.S.C.A. § 377, which authorizes the United States courts to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdiction, and agreeable to the usages and principles of law, Kline v. Burke Construction Co., supra, 260 U.S. page 229, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. Section 265 merely prevents the courts from granting relief by way of injunction in the cases included within its inhibitions. Necessarily, therefore, where the relief sought is an injunction against proceedings in a state court, it is the duty of the court to determine whether the case presented is one in which such relief is prohibited by the statute or one in which it may nevertheless be granted, Smith v. Apple, 264 U.S. 274, 279, 44 S.Ct. 311, 68 L.Ed. 678.

In Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10, 14, the court discussed the several classes of cases in which such injunctions may be granted consistently with the provisions of § 265. Included were "proceedings in personam in a state court, when the federal court has acquired jurisdiction of a suit in personam involving the same subject-matter, based upon some well recognized equitable ground, and where the effect of the state court proceedings would necessarily be to defeat or impair the jurisdiction of the federal court." In Kline v. Burke Construction Co., supra, the court quoted with approval Baltimore & O. R. R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678. In the Baltimore case, this court said (119 F. page 679): " * * * when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. * * * The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, but between state courts and those of the United States it is something more. 'It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.' Covell v. Heyman, 111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to * * * administer trusts, * * *."

The administration of trusts and the establishment and the enforcement of the rights of persons claiming an interest therein, the proper diversity of citizenship existing, is within the jurisdiction of equity, Waterman v. Canal-Louisiana, etc., Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80. The court may acquire jurisdiction over the trust without taking to itself the control or physical possession of the assets of the trust, Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920, and may indirectly act upon the land involved through the instrumentality of its authority over the persons of the trustees, Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65, 23 L.R.A.,N.S., 924, 17 Ann.Cas. 853. However, in construing the will under which such rights are claimed, the construction affecting the title to lands depends upon the law of the State where the land is situated, McNamara v. McNamara, 293 Ill. 54, 59, 127 N.E. 130, and Drager v. McIntosh, 316 Ill. 460, 469, 147 N.E. 433.

In our case, as we have already observed, the testator was domiciled and his will was probated in Cook County, Illinois, where the trustees controlled and managed the estate, where a substantial part of his real estate had its situs, and the District Court was the tribunal whose jurisdiction first attached. It is here that the plaintiff seeks to have the will construed and her rights, if any, ascertained. Under the cir-

cumstances, we think the rules above announced are applicable to the present case and that the plaintiff should be permitted to proceed here until the court's duty is fully performed, and the will construed according to the jurisdiction in which the property is situated.

The order of the District Court will be affirmed.