(No. 20659.—

GRACE GARMAN BAIRD *et al.* Appellants, *vs.* SARAH F. GARMAN *et al.* Appellees.

*Opinion filed October 22, 1932.*

A. L. YANTIS, and KENNETH F. KELLY, for appellants.

J. J. BAKER, guardian *ad litem,* for minor appellees.

Per CURIAM: This is an appeal from a decree of the circuit court of Shelby county construing the will of John E. Garman, deceased, and determining the rights and interests of the parties to the suit in certain real estate. The testator died seized and possessed of the southeast quarter of section 6, in township 14 north, range 3 east of the third principal meridian, in said county; also other prop-

erty not involved in this suit. He left surviving him his widow, Sarah Francis Garman, and three children, Emma M. Smith, Grace Edna Baird and John Walter Garman, as his only heirs-at-law. The first clause of the will directed the payment of debts. The second made bequests and devises to the testator's widow, including the net rental income from the above described lands during her life, subject to a charge, however, of an annuity of $100 to each of his three children and to his sister, Isabella Black. The third clause is the one which the court was asked to construe, and is as follows:

"*Third*—I do hereby give, bequeath, grant and devise all the remainder of my estate, real, personal and mixed, of every kind and nature, (including the remainder in fee in the above described southeast quarter, after the death of my wife) unto my three children, Emma M. Smith, Grace Edna Baird and John Walter Garman, unto each the equal one-third part, share and share alike. * * * Should either of my said children depart this life without leaving children of their respective body surviving, but leave a husband or wife surviving, then and in such case, I do hereby give and devise unto the surviving consort of either of my children the one-fourth part of the share of this will given and devised, to such of my children as may die without leaving children of his or her body surviving, and the remaining three-fourths of such share, I do hereby give and devise unto the survivors of my said children who shall be living at the time of distribution, and in case any of my children should die leaving descendants, then I hereby give to such descendants their parents' share."

The bill alleges that an ambiguity exists in the provisions of the will and that questions have arisen in complainants' minds as to the proper construction and legal meaning and effect of the clauses in the will with regard to the title of said real estate which they have been unable to determine, and that such questions interfere with the conveyance of

title or sale of what they regard as their legal rights in the premises. The relief prayed is that the court will determine whether the fee simple title vested in the three named children of the testator at the time of his death, with right of possession postponed until the death of the life tenant, or whether it vested at the time of the death of the life tenant.

On January 8, 1930, when the bill of complaint was filed, the widow of the testator was dead. Both daughters were married and each had living children. The son, John W. Garman, was married, but no children had been born to him. It is the contention of the children of the testator that the will gave each of them a base or determinable fee to an undivided one-third of the lands, subject to being terminated in the event of his or her dying without leaving children of their respective bodies surviving but leaving a surviving husband or wife. They insist that inasmuch as each of them has survived the widow they now have title in fee simple absolute. A guardian *ad litem* was appointed for the infant grandchildren, who were parties to the suit, and he contends that the base or determinable fee of the three children may be terminated at any time by their respective deaths without issue and with a surviving consort. The chancellor approved the contention of the guardian *ad litem* and entered a decree which found that the three children are tenants in common and took a base or determinable fee in the real estate, subject to be defeated or determined in the event of the death of said children "without leaving issue surviving them."

The devise "unto my three children, Emma M. Smith, Grace Edna Baird and John Walter Garman, unto each the equal one-third part, share and share alike," constitutes a devise *simpliciter*. The condition imposed upon that devise which might defeat it is found in subsequent language. The widow having died her life estate was extinguished, and a proper construction of the will requires a decision of the question whether the contingency which will divest the tes-

tator's children of title must have happened during the lifetime of his widow or whether it may happen thereafter. The rule is well established that if a gift is postponed pending the termination of a particular estate, which intervenes between the death of the testator and the time when the remainder will take effect in possession, and there is a devise over upon the death of the first taker without issue, the testator is held to contemplate a death during the continuance of the particular estate unless a contrary intent is found in the will. (*Sheley* v. *Sheley,* 272 Ill. 95; *Welch* v. *Crowe,* 278 id. 244; *Fulwiler* v. *McClun,* 285 id. 174; *Risser* v. *Ayers,* 306 id. 293; *Smith* v. *Dugger,* 310 id. 624; *Johnson* v. *Boland,* 343 id. 552.) Thus, when a gift over is preceded by a particular estate the gift over will usually take effect if the contingency happens during the period of the particular estate, and in such case death without issue has uniformly been held to be death before the death of the life tenant, unless the will shows that the testator intended to refer to a later date than the termination of the life estate. (*Johnson* v. *Boland, supra.*) The will in this case shows no such intention.

Construing the third clause as indicated by the cases above cited, the language, "should either of my said children depart this life without leaving children of their respective body surviving, but leave a husband or wife surviving," means that their deaths must occur before the death of their mother, the life tenant. The contingency mentioned did not happen during her life, consequently the testator's children became vested with title to the above described lands in fee simple. The chancellor erroneously held that their title might be divested if the contingency should happen subsequent to the death of the widow.

For the reason indicated the decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*